**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4314**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMETRIUS WRIGHT,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:07-cr-00424-JAG-1)

Submitted: December 28, 2016      Decided: February 9, 2017

Before TRAXLER and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Carolyn V. Grady, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Jessica D. Aber, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Wright appeals his 36-month sentence, which the district court imposed after revoking Wright's supervised release. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it is within the statutory maximum and not plainly unreasonable. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). We first consider whether the sentence is procedurally or substantively unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this inquiry, "we strike a more deferential appellate posture than we do when reviewing original sentences." Padgett, 788 F.3d at 373 (internal quotation marks omitted). "Only if we find the sentence unreasonable must we decide if it is plainly so." Webb, 738 F.3d at 640 (internal quotation marks omitted). While a district court must explain a revocation sentence, the court "need not be as detailed or specific when imposing a revocation sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We reject Wright's claims that the district court did not meaningfully consider the revocation range of 6 to 12 months' imprisonment, gave undue weight to general deterrence, and imposed

a sentence that created unwarranted sentencing disparities. The court considered the policy-statement range and articulated reasons for varying upward from that range. The district court's reasoning did not unduly focus on general deterrence; instead, the court also discussed other applicable sentencing factors.

Finally, we reject Wright's claim that he received a disproportionately long sentence compared to offenders who committed Grade A or B release violations. Such a comparison lacks meaning. See United States v. Chandia, 675 F.3d 329, 342 (4th Cir. 2012).

Having rejected Wright's claims, we also conclude that the district court imposed a procedurally and substantively reasonable sentence. Thus, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

AFFIRMED